UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADRIAN MITCHELL, ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JAMES SPALDING et al., ) <br> ) <br>     Defendants. ) <br> _____ ) | CASE NO. C06-197-MJP-MJB <br><br> REPORT AND RECOMMENDATION |

Plaintiff, a state prisoner, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, Plaintiff alleges that he slipped on the floor and hit his head as a result of negligence of DOC staff by not putting out signs warning of water on the floor. He also alleges that medical staff was deliberately indifferent to his pain and suffering in that it took nearly 29 hours after the incident for him to receive pain medication for his back and head injuries. Plaintiff names James Spalding, Superintendent; Ken Quinn, and the Department of Corrections as defendants. Plaintiff seeks damages in the amount of $10,000.00 for his pain and suffering.

On April 11, 2006, this Court issued an Order declining to serve Plaintiff's complaint and granting leave to amend due to certain deficiencies in the complaint. (Dkt. #7.) Specifically, the Court instructed Plaintiff that a state's Department of Corrections

REPORT AND RECOMMENDATION
Page - 1

1 is most likely an arm of the state and thus, not a person for purposes of § 1983. *See*
2 *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam). The Court also noted that
3 Plaintiff failed to allege in what ways the individually named defendants personally
4 participated in causing the harm alleged in the complaint. Plaintiff was advised that a §
5 1983 action cannot be based on vicarious liability alone, but must allege that defendant's
6 own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 49 U.S. 378,
7 385-90 (1989); *Monnell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff was
8 warned that failure to file an amended complaint curing these deficiencies would result
9 in a recommendation that this matter be dismissed pursuant to 28 U.S.C. §
10 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted and that
11 such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

12 On April 21, 2006, Plaintiff filed an amended complaint. (Dkt. #8.) Plaintiff's
13 amended complaint was virtually identical to his original complaint, with the only
14 discernable difference being that the amended complaint was typed and the original
15 complaint was handwritten. Accordingly, because Plaintiff's amended complaint failed
16 to correct any of the deficiencies identified in the Order Declining to Serve the
17 Complaint and Granting Leave to Amend, this Court recommends that the complaint and
18 this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). A
19 proposed order accompanies this Report and Recommendation.

20 DATED this 9th day of November, 2006.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2